EDWIN WRIGLEY v. JOHN WATSON.[1]

October 23, 1900.

Nos. 12,303—(49).

**Estate of Decedent—Surrender of Property by Owner—Conversion.**

> Where the owner knowingly and intentionally turns his property over to the executor or administrator of the estate of a deceased person, as the property of such deceased person, and permits and assists in the conversion thereof to the uses and purposes of the estate and in the administration thereof, he cannot afterwards hold such executor or administrator liable as for a conversion of the property. In such case, both the owner and executor are estopped from disputing the title of the estate to the property.

In the probate court for Goodhue county Edwin Wrigley, one of the executors of the last will of Martha Wrigley, deceased, petitioned for an order requiring John Watson, his co-executor, to render a final account. From an order requiring Watson to pay

[1] Reported in 83 N. W. 989.

over a balance in his hands, he appealed to the district court for said county. In the district court the appeal was heard before Williston, J., who made findings of fact, and as conclusion of law found that respondent was entitled to judgment affirming the order of the probate court. From an order denying a motion for a new trial, Watson appealed to the supreme court. Affirmed.

*George H. Hammond* and *Fred W. Gail,* for appellant.

*Albert Johnson,* for respondent.

BROWN, J.

Martha Wrigley and Edwin Wrigley were husband and wife, residing for a number of years in Goodhue county. Martha died in 1895, having previously made and executed her last will and testament, in which she designated her husband and appellant, John Watson, executors. Soon after her death they qualified as such executors, were duly commissioned, and entered upon the discharge of their duties. The will contained several bequests of personal property, to which the husband fully assented by a written document made and filed by him with the probate court. The executors joined in an inventory of the property of the estate, which consisted of both real and personal estate. The property so inventoried and reported to the court was at all times, by both executors, treated and considered as the property and estate of the deceased. Part thereof was converted into money, and the money used in various ways in the administration of the estate, a portion being used towards the payment of one or two of the bequests. No question was ever raised as to the true ownership of such property until April, 1899. At that time the husband, Edwin Wrigley, petitioned the probate court for an order requiring a final account from his co-executor, which was duly ordered, and subsequently filed by appellant, April 28, 1899.

At the hearing before the probate court on this petition, it seems to have been agreed that the property so taken possession of by the executors, and so converted to the purposes of the estate, was not in fact the property of deceased or of her estate, but was instead the property of her surviving husband, Edwin Wrigley. The probate court found the fact accordingly, but made an order requiring ap-

pellant to pay over to his co-executor the sum of $286.06, found to be a balance in his hands from the proceeds of such property. It should be further stated that appellant tendered his resignation as executor at the time of filing his final account, which the court ordered accepted upon payment of such balance to his co-executor. On appeal to the district court, the order of the probate court was affirmed, and Watson appeals to this court from an order denying a new trial.

The contention of appellant is that because the property belonged to, and was owned by, the husband of deceased, and was not in fact a part of her estate, he cannot be required to account for it, and that the probate court had no jurisdiction to require him to do so. His contention might be sound were it not for the fact that the property was knowingly and intentionally delivered to him by the husband as property of the estate of his wife, and the fact that the estate has received the use and benefit thereof, and that the proceeds have been used in the payment of the debts and expenses of administration, with the knowledge, consent, and assistance of such husband. Under such circumstances, the appellant cannot be held liable for the conversion of the property so administered upon as the property of the estate, and no very good reason occurs to us why he should be heard to deny that such property in fact belonged to the estate.

There are some cases holding that an executor or administrator who has received property supposedly, but not in fact, belonging to the deceased, cannot be required to account therefor to the estate, but they are based on the theory that he would also be liable to the true owner. And similar holdings are made in cases where the executor or administrator has turned in to the estate, by mistake, property of his own. But in this case there was no mistake on the part of the true owner, nor can the appellant be liable to him. The husband voluntarily and intentionally turned over his own property as the property of his deceased wife, of whose estate he was one of the executors, and assisted in converting it to the uses and purposes of the estate. It is clear that he is forever estopped from disputing the fact that such property belonged to the estate, and his co-executor should also be estopped. The finding that the property did not in fact belong to the deceased is therefore immaterial.

The suggestion of counsel that the probate court ordered the appellant to pay the balance in his hands to Edwin Wrigley in his individual capacity or right, and not as executor of the estate, is not sound. The probate court had no jurisdiction to make such an order, and it must be taken that the payment is to be made to Wrigley as executor of the estate, and not otherwise.

We discover nothing in the record in this case to reflect on the integrity of appellant. He had the undoubted right to contest the matter of his liability upon legal grounds, and we discover no reason for criticising his conduct in so doing.

Order affirmed.